# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY EUGENE GOODSON,

        **Petitioner,**

        vs.                         Case No. 17-cv-1210-DRH

T.G. WERLICH,

        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender following his guilty plea to Conspiracy to Distribute Crack Cocaine. *United States v. Tony Eugene Goodson*, No. CR07-43-LRR (N.D. Iowa 2008) ("criminal case"). The Petition was filed on November 3, 2017. (Doc. 1).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner was sentenced to life imprisonment as a Career Offender on August 20, 2008. (Doc. 1-1, p. 2). Petitioner filed a direct appeal of his sentence, and then filed a motion pursuant to 28 U.S.C. § 2255 on December 16, 2010. *Id.* That motion was ultimately denied. *Id.*

Petitioner now brings this habeas corpus action pursuant to 28 U.S.C. § 2241 and argues the career offender enhancement he received was based on two state-law convictions that should not have been considered felony drug offenses pursuant to 21 U.S.C. § 851 and 21 U.S.C. § 841. (Doc. 1-1, p. 1). Petitioner requests resentencing. *Id.*

Petitioner asserts that his predicate offenses were a state law conviction for Delivery of a Controlled Substance in Case FECR038239, and another state law conviction for Possession with Intent to Deliver in Case FECR038305, in violation of IA ST § 204.401 (now IA ST § 124.401). The relevant statutory text provides:

> Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or *a simulated controlled substance*, o*r to act with, enter into a common scheme or design with, or conspire with one or more other persons* to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a *simulated* controlled substance.
>
> I.C. § 204.401 (italics added)

Petitioner argues that in light of the decision in *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016), the Iowa statute is broader than the conduct defined in the Armed Career Criminal Act, which reads:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
> **(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
> **(2)** to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841

Specifically, Petitioner argues that the Iowa statute is broader due to the italicized language, i.e., because it makes reference to the terms "simulated controlled substance" and " to act with, enter into a common scheme or design with or conspire with one or more other persons." (Doc. 1-1, p. 4).

## **Discussion**

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a). In this case, Petitioner is clearly attacking his sentence. However, he has alleged that he has already filed a motion pursuant to § 2255, and that remedy is no longer available to him without leave of the appellate court.

3

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

This Court has found that a collateral attack invoking *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), facially satisfies the three conditions which would allow consideration in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v.*

*Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). However, *Mathis* squarely addressed Iowa burglary convictions. Petitioner tries to use the *Mathis* rationale to reach his Iowa drug convictions. He also relies on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), where the Fifth Circuit applied the *Mathis* reasoning to a drug conviction. Recently, the Seventh Circuit offered further clarification on the role of *Hinkle* in this Circuit. Specifically, the Seventh Circuit found that the *Hinkle* decision was grounded on the fact that the Texas statute at issue made it a crime to "offer" a controlled substance. *United States v. Redden*, 875 F.3d. 374 (7th Cir. 2017). Illinois' statute, in contrast, does not criminalize "offering" drugs, and so the *Hinkle* rationale is inapplicable. *Id.*

*Redden* is applicable in this situation as well. Like the Illinois statute and the federal statutes at issue, the Iowa statute does not criminalize offering drugs. Petitioner does not argue that it does. His arguments relate to the terms "simulated controlled substance" and another phrase intended to cover conspiracies.[1] Petitioner has cited to no case law recognizing his arguments, and the Court cannot find any case law applying *Mathis* in the manner he suggests. As Petitioner has provided no support for his position that the Iowa statute at issue is overbroad for the reasons he suggests, the Court finds that he has failed to show that *Mathis* applies, and thus has failed to invoke the savings clause of § 2255. For this reason, the § 2241 Petition must be **DISMISSED**.

---

[1] Petitioner concedes that 18 U.S.C. § 2 allows those who aid and abet to be punished as principals.

**Disposition**

**IT IS HEREBY ORDERED** that the Petition is summarily **DISMISSED** on the merits with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within time period specified by Fed. R. App. P. 4. A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.30
11:53:47 -06'00'

**United States District Judge**